Cooper v. Vanderveer.

JAMES E. COOPER v. JOHN E. VANDERVEER.

1. A *refusal* to strike out a pleading cannot be made a part of the record so as to be reviewable on a writ of error.
2. It is only when the motion to strike out has prevailed that the Practice act gives the right to a writ of error.
3. A writ of error cannot be sued out until final judgment.

On error to the Monmouth Pleas.

Argued at February Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *McDermott & Throckmorton*.

For the defendant, *J. Clarence Conover*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was a suit in the Inferior Court of Common Pleas of the county of Monmouth, and in the course of the proceedings a motion was made by the

defendant to strike out a notice appended to the replication of certain matters which the plaintiff intended to set up in answer to facts stated in a notice appended to the pleas. That motion was denied by the court, and to remove to this court for review the order embodying such denial this writ of error has been brought.

In the briefs of the respective counsel the only question discussed is that touching the validity of the order made in the court below, but it is obvious that the point thus elucidated is in no wise presented to this court so that it can be considered or determined. The order in question is no part of the record, and is, consequently, not placed under the supervisory power of this tribunal. It is, by the express provision of the Practice act, only when a motion to strike out a pleading prevails that the order of the court can, at the request of the party against whom it presses, be entered on the record so that error may be assigned upon it. *Rev.*, *p.* 868, § 132. But when the pleading is not struck out, the rule of court denying the motion to expunge does not become, nor can it in anywise be made, a part of the record, and consequently it is not susceptible of being reviewed in this court. Such a rule can no more be supervised by this court than can an order of an inferior court either refusing or granting a party time to file a declaration or plea.

But there is a second fundamental error in this proceeding. Even if the order in question could be put under the cognizance of this court, such course could not be taken until after final judgment. A writ of error will not run until the conclusion of the course of law in the court of first instance. The most serious vexation and delay would be attendant upon the opposite rule.

Therefore the writ of error in the present case must be dismissed.